IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONATHAN PRICE BLOUNT | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1563-H |
| | § | |
| DAN JOSLIN, Warden | § | |
| FCI-Seagoville, ET AL. | § | |
| | § | |
| Respondents. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Jonathan Price Blount, an inmate at FCI Seagoville, seeks a writ of habeas corpus to compel his transfer to a halfway house or a Community Corrections Center.[1] For the reasons stated herein, the application should be denied.

A prisoner does not have a constitutional right to incarceration in a particular place or at a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46, 103 S.Ct. 1741, 1745-56, 75 L.Ed.2d 813 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). This is an administrative decision left to prison officials and is not actionable under 28 U.S.C. § 2241. *See Beck v. Wilkes*, 589 F.2d 901, 907 (5th Cir.), *cert. denied*, 100 S.Ct. 90 (1979); *Hutchens v. Alabama*, 466 F.2d 507, 508 (5th Cir. 1972). The Bureau of Prisons has the authority to assign petitioner to any institution until his sentence expires. Consequently, this ground for relief is without merit and should be overruled. *See Cheney v. United States*, 2004 WL 2512266 at *1 (N.D. Tex. Nov. 5, 2004), *rec. adopted in part*, 2004 WL 2958390 (N.D. Tex. Dec. 20, 2004)

---

[1] Petitioner is currently serving consecutive 21-month sentences following the revocation of his supervised release in two cases. *United States v. Blount*, Nos. 5-03-CR-012 & 5-03-CR-013 (N.D. Tex. Feb. 17, 2004).

(dismissing habeas petition seeking transfer to halfway house); *DaMommio v. Van Buren*, 2004 WL 1402574 (N.D. Tex. Jun. 22, 2004) (same); *Dolgiej v. Haro*, 2004 WL 243027 at *1 (N.D. Tex. Feb. 3, 2004), *rec. adopted*, 2004 WL 637936 (N.D. Tex. Feb. 19, 2004) (same).[2]

### **RECOMMENDATION**

It plainly appears from the face of the pleadings that petitioner is not entitled to relief. Accordingly, his application for writ of habeas corpus should be summarily denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 25, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent petitioner challenges the denial of adequate medical care while incarcerated, such a claim must be brought in a civil rights action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (challenges to conditions of confinement not cognizable in section 2241 case). Petitioner's challenge to the interpretation of 18 U.S.C. §§ 3621(b) & 3624(c) by the Bureau of Prisons must be brought in a civil action under the Administrative Procedures Act. *See Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004).